(Decided 1st July, 1874.)

MELVINA H. BOWIE, Terre-Tenant of JAMES S. MORSELL *vs.* FRANCIS NEALE, and JAMES H. LUCKETT use of WILLIAM N. DORSETT.

*Appeal—Cause of clerk's failure to Transmit record in time on Appeal, how proven—Scire facias—Pleadings—Nonjoinder and Misjoinder of original defendants, how taken advantage of— Whether a second writ of Scire facias defective by itself can be aided by a reference to the preceding writ— Whether the Writ is amendable on Appeal.*

A motion to dismiss an appeal on the ground that the record was not transmitted within the time prescribed, must be overruled, where the clerk of the Court below and the deputy clerk deposed, that the record was made out and transmitted at the earliest practicable moment, and that the delay in such *transmittal* was not caused by the fault or laches of the appellant, but from the inability of the clerk to make out the record from the press of business in the clerk's office at the time.

A *scire facias* was issued on a judgment against two persons and returned *"scire feci"* as against one and not served as to the other. A second writ was then issued which recited the judgment against both defendants, but contained no clause of *scire facias* against either, and was proceeded with only as against the terre-tenant of the one not served before. No mention was made therein of the previous writ, nor was any reason assigned for not proceeding against both defendants and the terre-tenants of both. On demurrer to the latter writ, it was HELD:

1st. (Approving the decision in the case of *Prather vs. Manro,* 11 *G. & J.* 266,) that the omission of the defendants as parties to the writ, was the subject of a demurrer.

2nd. That the preceding *scire facias* formed no part of the one demurred to.

3rd. That the writ must contain all the facts necessary to constitute the claim.

4th. That a nonjoinder or a misjoinder of the original defendants must be taken advantage of by demurrer and not by plea in abatement.

5th. That the original defendants to the judgment, if living, must be made parties by a clause of *scire facias* against them, or their omission accounted for by suggestion in the writ.    Otherwise the writ is the subject of demurrer.

6th. That although if a motion had been made below, the writ might perhaps have been amended under the provisions of the Code, yet the plaintiffs having joined in the demurrer and taken judgment thereon, and the Court below having erred, the judgment must be reversed, and judgment entered for the defendant.


APPEAL from the Circuit Court for Prince George's County.

A writ of *scire facias* was issued at the instance of Francis Neale and James H. Luckett, on a judgment recovered by them against James S. Morsell and William N. Dorsett, the writ contained a clause of *scire facias* against the terre-tenants of the defendants, but not against the defendants themselves.    This writ was returned "*scire feci* Dorsett, not served on Morsell.*"

A second writ was then issued, the nature of which together with the proceedings had thereon are sufficiently stated in the opinion of the Court.

The appellees moved to dismiss the appeal, because of the record not having been transmitted within the time prescribed by the rule in such cases made and provided.

The cause was argued before BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Daniel Clarke,* for the appellant.

The Court below erred in rendering judgment for the plaintiffs in the demurrer to the writ of *scire facias.* The writ of *scire facias,* to which the demurrer applied, was the writ issued on the 21st of May, 1866. This writ recited that the judgment was recovered against James S. Morsell and William N. Dorsett.

The writ issues upon a judgment against *two* defendants, and proceeds against the terre-tenants of only *one* of the defendants. Under the previous writ, which issued on the first of January, 1866, the return had been *scire feci* only as to Dorsett. It did not show that any process had been served upon *his* terre-tenants.

In the case of *Prather vs. Manro,* 11 *G. & J.,* 261, it is held that where the writ of *scire facias* stated that the judgments upon which it was issued, was rendered against two defendants, and proceeded upon that statement of facts against the terre-tenants of *one only,* without the suggestion of the death of the other, the parties proceeded against may take advantage of the defect by general demurrer.

See also *Foster's Writ of Scire Facias,* 73 *Law Library,* 20 and 21, (marginal) notes. *Panton vs. Hall,* 2 *Salk.,* 598.

A *scire facias* is in the nature of a declaration, to which the defendant has the right to plead. *Prather vs. Manro,* 11 *G. & J.,* 261; *Evans' Practice,* 204; *Foster's Writ of Scire Facias,* 73 *Law Library,* 349 *(marginal.)*

The writ commands the sheriff to give notice "to the terre-tenants in his bailiwick, whereof the said James S. Morsell, on the 7th day of November, 1853, (on which day the said judgment was rendered) or ever afterwards was seized," instead of commanding him to give notice to the terre-tenants of all the lands and tenements in his bailiwick, whereof the said James S. Morsell, on the 7th day of November, 1853, (on which day the said judgment was rendered,) or ever afterwards was seized.

For proper form of writ, see 2 *Harris' Entries*, 763. This might have been amended, but the plaintiffs elected to stand upon the writ without amending the same.

The terre-tenant is entitled to deny the seizin of the defendants to the original judgment of the land and tenements of which she is terre-tenant. *Webster vs. Saunders, Terre-Tenant,* 4 *Har. & Johns.,* 287; *Ford vs. Gwin, Admr.,* 3 *Har. & Johns.,* 496.

How can this be done if the writ does not allege that James S. Morsell was seized of the lands of which the defendant is terre-tenant? If a declaration is so defective as not to allege a material fact in such form as to enable the defendant to deny the same by plea, it would be bad upon demurrer. The same principle or rule should apply to the writ of *scire facias,* which is in the nature of a declaration.

Neither one of the writs contains any clause of *scire facias* against either of the defendants in the original judgment. *Prather vs. Manro,* 11 *Gill & Johns.,* 266.

*William H. Tuck,* for the appellees.

There is no force in the objection, that the writs reciting a judgment against the two, states that Morsell alone was *convict* thereof, &c. The old forms contain such expressions, but has it ever been decided that a writ of *scire facias* otherwise good, was bad on account of omission? The writ states the judgment in all essential particulars, naming the amount, the Court, &c., which certified to the Court in which it was pending that the Court by which the judgment is alleged to have been rendered, had jurisdiction of the subject-matter.

It also alleges, that execution remains to be had, which shows that Morsell was convict of the subject-matter of the controversy, and that he had not discharged himself by any satisfaction of the judgment. What more was needed to inform Morsell or his terre-tenants, that there was an

unsatisfied judgment binding the lands sought to be affected? There is no magic in the expression, "convict, as appears of record," except to. set men to wondering how the word *convict*—generally employed in a criminal sense—could be reasonably applied to the recovery of a debt. But aside from this. We are told that a *sci. fa.* performs the office of a declaration—that is, it is the pleading on which the case is to be prosecuted and defended. Is there any reason why the liberal rules applied to other pleadings should not be observed as to this? If the Court can see that the writ contains substantially all the recitals and averments necessary to put the parties on their defence, the present rules of pleading are gratified.

It is also objected, that the writ recites a judgment obtained against two, but proceeds only against the terre-tenants of one. This is the only proper course of proceeding,.where, as here, the other defendant had been warned by a former writ against both. It might as well be insisted, that where a summons is issued against two, and one summoned, the *alias* summons must be renewed against both; *cui bono?* It makes no difference that the previous writ had been served on the terre-tenants of Dorsett. Perhaps he had none. If he had, it was the subject of a plea in abatement, and not cause of demurrer to the writ. To such a plea, also, the plaintiff might have replied, the pending suit against Dorsett and his terre-tenants, if any had been summoned, or that none had been summoned, because, for instance, Dorsett had no lands of which any one could have been summoned as tenant, or was in possession himself.

The reason for bringing in all the tenants, is to enable them to enforce contribution *inter se se;* and where the case shows, or can, by proper pleadings on the part of defendant, be so conducted by plaintiff as to show that all necessary persons have been proceeded against, and may be held for contribution, the purposes of justice will be

answered ; for there may be as many cases docketed as there are terre-tenants ; if one has to pay the judgment, he may go against the others, no matter whether they are all summoned to the same or at different terms of the Court.

In *Prather vs. Manro*, 11 *G. & J.*, 261, the first and only writ issued, omitted one of the defendants, whereas, here, the other defendant was already in Court under a previous writ, to which Morsell also had been a party defendant. The facts are different, and the case quoted,—is not an authority against the appellees.

The object of process and pleading is to put parties upon notice, and this was fully accomplished as to Morsell and his terre-tenants by the form of the present writ, which could have been placed in no other form, without making Dorsett and his terre-tenants defendants in two cases for one debt. It was apparent by the record, that this was a renewal of former process, and that all proper parties had been summoned and brought into Court. Hence, the appellant had no ground of complaint for the alleged omission now under consideration.

The second objection to the writ is that it does not require the sheriff to give notice " to the terre-tenants of all the lands and tenements in his bailiwick, whereof the said Morsell was seized, &c." This is just what the writ does command the sheriff to do when he is told to give notice " to the terre-tenants in his bailiwick," &c., &c. ; for a *terre-tenant* is a tenant of land, and the meaning of the language employed is to notify the tenants of the land in his bailiwick, whereof (that is the lands, not the tenants) Morsell, on the day, &c., or ever afterwards, was seized, &c.

The plaintiff ought not to lose his case for not following the precise language of the old forms, if words of equivalent import are used. The writ is correct in *not* saying " terre-tenants of all the lands, &c. ; " for the word " terre-

tenants '' means all that is necessary to aver, and does ena-
ble the parties summoned as tenants to deny the seizin,
&c.   *Bank of U. S. vs. Lyle,* 10 *G. & J.,* 326.

The third objection to the writ, viz : that it does not
contain a clause of *sci. fa.* against the defendants is of no
consequence, since Dorsett had been notified under the
second writ, and Morsell and the appellant, as his terre-
tenant, had appeared to the third, and filed pleas accord-
ingly.   The reason for making the original defendant a
party to the *sci. fa.* is, because he is the person best com-
petent to shew satisfaction, &c.   *Prather vs. Manro,* 11 *G.
& J.,* 266.

The terre-tenants aree ntitled to his assistance in defend-
ing the *sci. fa.*   If he comes in voluntarily, is not the
purpose gratified ?   It is conceded that the writ of *sci. fa.*
may be amended.   Suppose such a motion had been made
by the plaintiff, would not the Court have said there is no
necessity for that, since the defendant in the judgment and
his terre-tenant are both in Court of their own accord ?
Amendments are allowed when the ends of justice require ;
but if the Court can see, from the whole case, that they
are unnecessary, they will be refused.   Here the appellant
filed pleas as terre-tenant of the lands of which Morsell
was seized at the time of the judgment, not denying that
she was tenant of the same lands, but placing her defence
on other grounds.   These pleas were withdrawn 11th of
April, 1871, and a demurrer was filed the next day.

[Other points made by counsel, not having been passcd upon by the Court,
are omitted.—REPORTER.]

BOWIE, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case, must be
overruled, as the Clerk of the Circuit Court, and his Chief
deputy, have deposed that the record was made out and
transmitted at the earliest practicable moment, and that the

delay in said *transmittal*, was not caused by the fault, or laches of the appellant, but from the inability of the clerk, to make out the record, from the press of business in the clerk's office, at the time. The appellant, is a defendant in a suit instituted *on the* 26 *May,* 1866, by a writ of *scire facias,* sued out of the Circuit Court for Prince George's County, in the name of the appellees, reciting a judgment rendered in said Court on the first Monday of November, 1853, in favor of the appellees, Neale and Luckett, against a certain James S. Morsell and William N. Dorsett:

"Whereof (it was alleged) the said James S. Morsell is convict, as it appears of record," and suggesting, that the said Morsell, at the time of the rendition of the judgment, was seized of divers lands, and execution of the judgment remained to be done. The sheriff was commanded to make known "to the terre-tenants in his bailiwick, whereof the said James S. Morsell, on the 7th of November, 1853," (on which day the judgment was rendered) "or ever afterwards was seized, that they should appear and show cause why the debt aforesaid, ought not to be levied on those lands and tenements."

The writ, being returned "*nihil*" the appellant and James S. Morsell appeared at Nov. Term, 1866, and the appellant filed several pleas, which were afterwards by leave of the Court, withdrawn.

A demurrer was filed by the appellant to the *scire facias* on which judgment was entered on the 20th June, 1871, for the plaintiffs. On the 21st of June, 1871, the appellant moved to quash the *sci. fa.,* for certain reasons assigned. This motion being overruled, an appeal was entered by the defendant from the order overruling the same.

Various additional pleas were filed, which were demurred to, and judgment entered thereon for the plaintiffs.

On the 18th of October, 1872, the defendant moved for leave to withdraw the pleas of payment, accord and satisfaction, and file an additional plea, which was granted.

This plea averred, that after the rendition of the original judgment, and before the issuing of the *scire facias*, on the 17th of February, 1855, the plaintiffs issued a *fieri facias* on said judgment against the defendants, Morsell and Dorsett, which was delivered to the sheriff, and on the 2nd of March, 1855, levied on the goods and chattels of James S. Morsell to the amount of the debt, damages and costs, and returned on the first Monday of April, 1855, "levied, etc., and not sold by order of the plaintiffs' attorney."

And afterwards a *venditioni exponas* was issued thereon, to which the sheriff failed to make any return, and the said writ of *venditioni exponas* was outstanding when the said *scire facias* was issued against the said William N. Dorsett, and the terre-tenants of Morsell for the renewal of the said judgment therein recited, and said *vendi.* never was executed, nor quashed, or countermanded, nor further proceeded in, nor has the sheriff made any return thereto, and is of full force and effect; that while the *vendi.* was outstanding, the said Morsell sold for a valuable consideration the real estate of which he was seized at the time of the rendition of the judgment, to one John E. Bowie, viz: on the 15th of November, 1855, and placed him in possession thereof; and the said Bowie, without notice of plaintiffs' claim, paid the purchase money and took a conveyance thereof: and the said John E. Bowie, afterwards, on the 11th of August, 1862, sold and conveyed said real estate for a valuable consideration to the appellant, who, without notice, paid the purchase money ; and that the plaintiffs permitted and authorized the sheriff, after the *vendi.* was in his hands, to allow the property levied on as aforesaid, to remain in the possession of Morsell, and *to be removed by him out of the jurisdiction of the*

*sheriff, so that the same was lost,* subsequent to the alienation of the said real estate by the said Morsell.

Which plea being demurred to, judgment was rendered thereon for the plaintiffs, and fiat thereon, from which the appellant prayed an appeal.

The appellant's objections to the rulings of the Court below, are presented under three heads,

1st. That the Court below erred in not sustaining the appellant's demurrer to the writ of *scire facias.*

2nd. That it erred in overruling the appellant's motion to quash.

3rd. That it erred in supporting the appellees' demurrer to the fourth additional plea of the appellant.

The reasons relied on to sustain the motion to quash are grounds which, if tenable, were for the most part available on demurrer or which have been made the subject of the fourth additional plea, since overruled on demurrer. In considering, therefore, the points raised on the demurrers to the *scire facias,* and the fourth additional plea, we shall virtually dispose of all the questions properly presented by the record.

The first specific objection to the writ of *scire facias,* relied on by the appellant, is that the writ recites a judgment recovered against Morsell and Dorsett, and then avers that James S. Morsell alone, was convict thereof; meaning, if we understand the appellant's position correctly, that there is a variance between the recital of the judgment and the averment, or suggestion as to its legal effect. We do not, however, so construe the recitals referred to. The *scire facias,* having set out the original judgment by describing the Court, the term, and original parties, etc., proceeding to declare its effect as evidence against Morsell alone, concludes, " whereof the said James S. Morsell is convict, as it appears of record, '*reddendo singula singulis.*' " Which is equivalent to saying that it is legally proved against him by the record, that such a judgment as before recited was rendered.

Without regarding what might be considered clerical misprisions, it is further objected, that the *scire facias* demurred to recites a judgment against two defendants, and proceeds against the terre-tenants of one only.

This is the identical defect suggested by the Court of Appeals in the case of *Prather vs. Manro*, in which case, speaking of the writ of *scire facias*, the Court remarked: "It states that a judgment had been recovered by the plaintiffs against two defendants, and that it remained unexecuted, and on the authority of this state of facts, proceeds against the terre-tenants of one of those defendants as the proper persons against whom alone, to enforce the execution of the judgment. No suggestion is made of the death of the original defendants, or either of them; and they must be presumed, therefore, to be in full life, and if alive, were necessary parties." 11 *G. & J.*, 266.

There are no suggestions in the *scire facias* in the present case, accounting for the separation of the defendants, or their terre-tenants.

It is not averred, that a writ had been issued against the original defendants jointly, and that one had been served with notice, and the other, not served. It is not shown, that any proceeding has been consummated, or is pending against the co-defendant Dorsett, or his terre-tenants.

In the case before cited, the Court, commenting on the non-joinder, said "The principle, on which an original party to the judgment, if living, or his representative after his death, is to be made a party to a *scire facias*, is not that of *contribution*, as amongst different terre-tenants. "Neither the original defendant or his heir, could claim contribution from terre-tenants; but they are regarded as the persons most competent to know, and to prove the satisfaction of the judgment. We think the appellants might well demur to this *scire facias*, as manifestly insufficient on its face, to authorize the plaintiff to enforce his

execution against them alone." The appellee thinks this is the only proper mode of proceeding, where as here, the other defendant had been warned by a former writ against both.

This does not appear, however, on the writ; it is the absence of this, and similar averments, which constitute the grounds of demurrer.

The facts must appear affirmatively ; the cause of action is not otherwise complete. It is not, as said by the Court, in *Prather vs. Manro,* on the ground of contribution, that the co-defendants must be joined, or their absence accounted for, but because they are the persons most competent to know and to prove the satisfaction of the judgment.

The writ does not contain the clause of *scire facias* against either of the original defendants. If the non-joinder of one was demurrable as decided in *Prather vs. Manro,* the total omission of both, as parties to the writ, must be doubly objectionable.

The appellees argue, that the voluntary appearance of the defendant Morsell, cures the omission of the clause of *scire facias* as to him ; but the appearance of one, does not supply the absence of the other.

The Court cannot look beyond the writ demurred to, to supply its omissions and defects.

The preceding *scire facias* formed no part of that to which the appellant was made a party, by service, and to which she has demurred. The writ, being the only count or declaration of the cause of action, and to be pleaded or demurred to, as such, must contain all the facts necessary to constitute the claim.

The *scire facias* is a judicial writ founded on some matter of record, as a recognizance, either at common law or by statute, judgment, letters patent, or the like, to enforce the execution of them, or to vacate and set them aside. And, as the defendant may plead thereto, it is considered in law, as an action, and in the nature of a new original.

It requires the sheriff to make known *to the party who is charged by the record,* that he appear before the Court at the time specified, to show cause why some act should not be done.   The writ recites the judgment, or other record, and also the suggestions which the plaintiff has made to the Court, either to entitle himself to the benefit of the record, or to explain any alterations, which he may have desired to have made in the ordinary form of the writ. *Evans' Prac., p.* 204 ; 2 *Wills. Saunders,* 72, *note* 4.

The defendant pleads to the writ.   If he wishes to put in issue the existence of the judgment, and test whether the recitals vary from the original proceeding, it professes to recite, he pleads *"nul tiel* record.''   If he desires to deny specially any suggestion of the plaintiff of matters *" in pais,"* he traverses the matter of fact ; if the suggestions are not such, as together with the matter of record recited, constitute a good ground of action, he demurs. There is no instance that we are aware of, in which a plea in abatement for non-joinder, or misjoinder of the original defendants was allowed to a *scire facias.*   That must be taken advantage of by demurrer.

The original defendants to the judgments, if living, must be made parties by a clause of *scire facias* against them, or their omission accounted for by suggestion on the writ.

The distinction between the omission or non-joinder of a defendant in the original judgment, and the non-joinder of terre-tenants is very clearly stated in the case of *Prather vs. Manro.*   In the latter case, " the proceedings on their face disclose the fact, that the defendant proceeded against is liable; but they do not show, that other persons are also liable, and the facts and circumstances upon which the obligation to share the liability is supposed to depend, must necessarily be brought to the notice of the Court by plea; and this plea must be in abatement, because it is not to discharge the defendant entirely, but only to lessen

the amount of his responsibility." 11 *G. & J.*, 266. But, where one of the original defendants is omitted, the omission, if the judgment is correctly recited, is apparent on the face of the writ, and if not explained, or accounted for by proper suggestions, is the subject of demurrer.

As in the case of *Prather vs. Manro*, the Court held that no amendment could be made of the writ, and in no event could the appellee recover; so in this, although, if a motion had been made below, the writ might perhaps have been amended under the provisions of the Code, yet the plaintiffs having joined in the demurrer, and taken judgment thereon, and the Court below, having erred, in our opinion, the judgment must be reversed, and judgment entered for the defendant.

The demurrer to the *scire facias* being sustained, the right of action is finally disposed of, and it is therefore unnecessary to consider the questions arising on the demurrer to the plea of the appellant.

*Judgment reversed, and*
*judgment for the appellant.*

(Decided 1st July, 1874.)