The Northern Central Railway Company *vs.*
Jacob Rutledge and William N. Hughes, Executors of Abraham Rutledge.

*Failure to transmit Record within the time prescribed—Burden
of Proof upon the Appellant—Character of Proof required—
Inadmissible proof.*

Where the record of a case is not transmitted to the Court of Appeals within
the time prescribed, the burden is upon the appellant to show that the
failure to transmit was not through any fault of his; and to do this he
must furnish proof from which the Court will be able to see that this burden
is fully answered.

This proof must be under oath, generally in the form of affidavits, unless it
be of some matter to which an official seal under the rules of evidence, will
impart verity.

The certificate of a clerk under the seal of his office "that the delay of sending
up the record in this cause, has been in no way attributable to the
defendant," the party who appealed, is not admissible as proof to show that
the appellant was without fault.

Appeal from the Circuit Court for Baltimore County.

This case was before this Court on a former occasion, on
an appeal from an order of the Superior Court of Baltimore City, directing the record of the case to be returned
to the Circuit Court for Baltimore County, (41 *Md.*, 372.)
The order appealed from was affirmed and the cause
remanded to the Superior Court, that the order might be
carried into effect. After the cause was remanded, the
record was returned to the Circuit Court for Baltimore
County, where among the proceedings had, the application to strike out the judgment by default was renewed by
two motions, and the same were overruled. A jury was
sworn to inquire of the damages sustained by the plaintiff,

and the same were assessed at $1500; the defendant there-upon moved to arrest the judgment. The motion was overruled and the defendant appealed. The appeal was taken on the 1st of October, 1875, and the transcript of the record was filed in this Court on the 21st of October, 1876. At the inquisition, two exceptions were taken by the defendant, but not having been passed upon by this Court, they need not be set out.

In June, 1875, after final judgment, the plaintiff died, and his executors were made parties to the suit pending in this Court.

A motion was made to dismiss the appeal.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Bernard Carter*, for the appellant.

*John T. B. Dorsey* and *Henry W. Archer*, for the appellees.

BRENT, J., delivered the opinion of the Court.

The appeal in this case must be dismissed. Where the record is not transmitted within the time prescribed, the burden of proof is upon the appellant to relieve himself from the presumption, which the rule regarding appeals attaches to him. *Rule* 16, 29 *Md.*

This Court, as well as suitors, is strictly bound to the observance of this rule, which by the terms of the Con-stitution, *Art.* 4, *sec.* 18, has "*the force of law.*" If ac-cording to its requirements the appeal is not properly before the Court, it has no jurisdiction to hear and deter-mine the questions it may involve.

To give this jurisdiction, where the appeal appears upon the face of the record to be too late, the rule reserves the right to maintain the appeal, if the appellant shall

Northern Central Railway Co. *vs.* Rutledge and Hughes, Ex'rs.

show that the failure to transmit the record in time was not through any fault of his. To do this, the appellant must furnish proof, from which the Court will be able to see, that the burden put upon him is fully answered. This proof must be under oath, generally in the form of affidavits, unless it be of some matter, to which an official seal, under the rules of evidence, will impart verity.

The only proof, offered in this case, is a certificate of the clerk under the seal of his office, "that the delay of sending up the record in this cause has been in no way attributable to the defendant." This form of proof cannot be adopted as admissible. In the first place it undertakes to certify to a conclusion, which is only to be reached by this Court, upon its formal judgment, after a consideration of such facts as may be presented to it, to wit, that the delay is in no way attributable to the defendant. It is possible that such facts as might induce the clerk to believe the defendant was without fault, might bring the Court to a very different conclusion.

In the second place, apart from the intrinsic defect of the statement in this certificate, it is not such a certificate as the clerk can legally give under his seal of office. The seal imparts to it no additional solemnity or weight, which can make it admissible in proof any more than would be any other statement unsupported by oath.

The presumption against the appellant has not been removed, and this Court has no jurisdiction over the case. The appeal must therefore be dismised.

*Appeal dismissed.*