(Decided 18th March, 1881.)

---

MARIA WALTER, Assignee of E. T. H. WALTER *vs.*
THE SECOND NATIONAL BANK OF BALTIMORE.

*Motion to dismiss appeal—Failure of clerk to make up the Record, because of his not being paid for it—Case of appeal Dismissed because not taken by a Party in interest.*

Where the failure to transmit a record to the Court of Appeals within the time prescribed, is caused by the refusal of the clerk to *make up* the record until he is paid for it, such failure is no ground for dismissing the appeal.

It is the duty of the clerk to make out the record in due time, and when completed he may refuse to transmit it until paid for by the party taking the appeal.

The defendants in a foreclosure proceeding were W. and wife. The wife had no substantial interest, and the interest of W. was assigned to M., his sister, who filed a petition in the cause as claimant of the surplus. An appeal was subsequently ordered, the order being signed by the solicitor, who represented W. and wife, the signature of the solicitor having the addition "Defts' Solicitor." M. was represented below by another solicitor, and his signature to her petition for the payment of the surplus fund to her, had the addition "for Claimant;" and no appeal was ordered in her name, or by her solicitor of record. HELD:

That as the parties in whose name the appeal was actually taken, had no interest in the subject-matter, and the party in whose behalf it was attempted to be maintained, never in point of fact took it, there was no proper party appellant, and the appeal must be dismissed.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON, IRVING, and MAGRUDER, J.

*A. H. Hobbs,* for the appellant.

*Wm. A. Stewart,* for the appellee.

MAGRUDER, J., delivered the opinion of the Court.

The motion to dismiss this appeal is based upon two grounds:

1. Because the record was not transmitted in time.

2. Because the appeal does not appear to have been taken by any one having an interest in the subject-matter of the controversy.

The order for the appeal was filed on the 20th of February, 1880, and the record was not transmitted until the 4th of October, 1880, more than six months thereafter. The delay is sufficiently accounted for, however, by the affidavit of the counsel for the appellant, taken and filed in this Court. The clerk refused to make out the record before being paid for it. This course he had no right to take. It was his duty to make out the record in due time, and when completed he might refuse to transmit it until paid for by the party taking the appeal. But, as appears by the affidavit of counsel, the record in this case was not actually completed until after the cost of making was actually paid, so that the delay being from the fault

of the clerk, this ground for dismissing the appeal must, according to the rule and settled practice, be overruled.

The other ground must prevail. The defendants in the cause are Edmund T. H. Walter and wife, the latter having no substantial interest in the matter in controversy. The interest of E. T. H. Walter in the cause (being the surplus arising from the sale of the mortgaged premises, in the case of *Foutz vs. Walter and wife,* under which the property was sold,) was, by an instrument of writing bearing date the 10th of October, 1877, (being prior to the filing of the petition of the appellee upon which this controversy arose,) assigned to Maria Walter, his sister, in absolute and unqualified terms.

The order for the appeal is signed by the solicitor, who represented Walter and wife below, and the signature of the solicitor has the addition " Defts' Solicitor." Maria Walter was represented below by another solicitor, who files a petition in her name asking for the payment of the surplus fund to her, by virtue of her assignment, and his signature has the addition " For Claimant ;" and Maria Walter is nowhere in the case, by any of the proceedings, or by any of the counsel, treated or spoken of as a party *eo nomine,* or as an actor in the controversy, except in this matter alone of her separate petition for the fund, and by her own separate solicitor ; and no appeal is ordered in her name, or by her solicitor of record. The counsel conducting the appeal in this Court, (who was the solicitor for E. T. H. Walter and wife,) states in his argument that the appeal was *intended* in behalf of Maria Walter. Why her own solicitor of record did not order the appeal, or why his name (he being still counsel of record) was not at least joined in the signature to the order for appeal, if intended for her, has not been explained. His name certainly would have been used according to the regular course of professional usage and courtesy, unless he had retired from the case, which does not appear.

To confirm the idea that the appeal was taken in behalf of Maria Walter, and to explain the expression "Defts' Solicitor," which he has affixed to his signature to the order for the appeal, the counsel conducting the appeal, who expressly conceded that E. T. H. Walter has no further interest whatever in the subject-matter of the controversy, and that he was conducting the appeal for Maria Walter alone, stated that by "*defendant*" he meant Maria Walter, and that the particular proceeding or controversy in which he so calls her the defendant, is the petition of the appellee engrafted upon the original cause of *Foutz vs. Walter and wife.* Unfortunately for this theory, the answer which the same counsel files to the appellee's petition, and the only answer thereto, is in the name of Edmund T. H. Walter and Elizabeth Walter, his wife, and not in the name of Maria Walter, his sister and assignee, so that as to that particular proceeding even, Walter and wife, and not Maria Walter, are the actual defendants, the parties actors in contesting the appellee's right to the fund—Maria Walter all through the controversy, whenever spoken of, being called "claimant," and that only; and if she could in any view of the proceeding be called a *defendant,* she certainly could not, by any stretch of language, or even of the imagination, be styled "defts"—defendants—(clearly in the plural)—as the learned counsel has plainly designated the party or parties in whose behalf he proposes to take an appeal.

So that it appears that the parties in whose name the appeal was actually taken have no interest in the subject-matter; and the party in whose behalf it is attempted to be maintained never in point of fact took it; and in either aspect there is no proper party appellant, and consequently the appeal must be dismissed.

*Appeal dismissed.*

(Decided 18th March, 1881.)