CAROLINE M. BIXLER, formerly CAROLINE M. BARNES, and GEORGE A. BIXLER, her husband *vs.* JOHN B. F. SELLMAN, and others.

### *Appeal—Claim of Granddaughter for Services rendered Deceased grandfather.*

An appeal will not be dismissed for failure to have the transcript of the record transmitted within the time required, where it appears by the affidavit of the clerk of the lower Court, that such failure was his fault, and the appellants were not responsible therefor.

A Court of equity will not enforce the claim of a granddaughter for services rendered her grandfather, with whom, as a member of his family, she had lived since she was four years of age to the time of his death, in the absence of any evidence that she was ever paid a dollar by her grandfather as wages, or that during his life she ever set up any claim against him.

APPEAL from the Circuit Court for Carroll County, in Equity.

By virtue of the authority conferred by two deeds of trust, Charles T. Reifsnider, trustee, sold certain property of Joshua Sellman, and the sales were reported to and ratified by the Court; and the case was referred to the auditor to state an account; and he was also directed to give notice to the creditors of the said Sellman to file their claims properly authenticated. Among the claims filed was that of Caroline M. Bixler for services rendered in work and labor, for personal attention to said Joshua Sellman, who was her grandfather, and general work in and about his house for more than eight years. This claim was allowed by the auditor. Exceptions were filed to its allowance by parties interested in the

Bixler *vs.* Sellman, *et al.*

distribution of the trust fund, on the ground that the claim was not a debt owing by the said Joshua Sellman, and that it was barred by limitations. The Court (JONES, J.) passed an order rejecting the claim; and from this order the present appeal was taken. A motion was made by the appellees to dismiss the appeal because the transcript of the record was not transmitted to this Court within the time prescribed by law and the rules of this Court—the appeal having been ordered on the 6th of September, 1892, and the transcript of proceedings not having been filed in this Court until the 24th March, 1893. An affidavit of the clerk of the Circuit Court was filed in which he certified that the delay in the transmission of the transcript of the record was occasioned by his omission and fault, and not by the fault of the appellants.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*Wm. H. Thomas,* for the appellants.

*David N. Henning,* and *James A. C. Bond,* (with whom were *Charles T. Reifsnider,* and *J. Milton Reifsnider,* on the brief,) for the appellees.

FOWLER, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case must be overruled. It is apparent from the affidavit of the clerk of the Circuit Court for Carroll County, which has been filed in this Court, that the appellants were in no manner responsible for the delay in transmitting the transcript of the record.

The question involved in this case has been much considered in many of the Courts, both in England and America, and the general rule as recently adopted by

this Court in *Bantz, Ex'r vs. Bantz, et al.*, 52 *Md.*, 693, &c., would seem to be not only reasonable in itself, but is supported by the great weight of authority. As expressed in the case just cited, that rule is as follows: "In order to justify a claim for services being allowed against a decedent, there must have been a design, *at the time of the rendition,* to charge, and an expectation on the part of the recipient to pay for the services. The services must have been of such character and rendered under such circumstances, as to fairly imply an understanding of payment and a promise to pay. There must have been an express or implied understanding between the parties that a charge for the services was to be made and to be met by payment."

The rule as here laid down applies only when a claim of this character is made by a *member of the family of the decedent,* for, of course, it must be conceded that generally the law implies a promise to pay for services rendered and accepted; but a well recognized distinction exists where the service is rendered by a member of the family of the person served. In the latter case a presumption of law arises that such services are gratuitous. 17 *Am. & Eng. Ency. of Law,* 336; *Bantz, Ex'r vs. Bantz, et al., supra.* And as we said in the case last cited, the services must have been rendered under such circumstances as to imply an understanding of payment and a promise to pay. A mere expectation of one that he will be paid for services and of the other to pay therefor, never expressed by either to the other, will not constitute an express contract; but if proven by competent testimony such expectations may sometimes give color to circumstances tending to show the existence of such a contract. *Wood's Master and Servant, section* 72; *Tyler vs. Burrington,* 39 *Wis.,* 376.

Here we have a granddaughter claiming for services rendered her grandfather, with whom, as a member of

his family, she had been living since she was four years old to the time of his death in 1887. It does not appear that there was ever one dollar paid to her by her grandfather as wages, nor that she ever, during his life set up any claim against him. There is no evidence in all this time that the original relation of father and child or grandfather and grandchild was ever changed to that of master and servant. The vague testimony of witnesses as to the declarations of the decedent that he intended to pay or would see the appellant paid, cannot have that effect, when taken in connection with all the other facts of this case. As was said by the Supreme Court of Pennsylvania, "such a claim as this is pregnant with danger, as well to the rights of creditors, as to the other heirs, and cannot of course be entitled to countenance from the Court, unless accompanied with clear proof of an agreement not depending upon idle and loose declarations, but on unequivocal acts—as for example, a settlement of an account, or money paid by the father to the son as wages, distinctly thereby manifesting that the relation which subsisted was not the ordinary one of parent and child, but master and servant." *Burgess vs. Burgess,* 109 *Pa. St.,* 312.

Without further commenting upon the testimony which we have carefully considered, and which is elaborately discussed in the opinion filed by the learned Judge in the Court below, we fully concur in the conclusion reached by him, "that the claimant's proof entirely fails to establish such a claim as a Court of equity can enforce against the fund in this case." In addition to the authorities already cited we refer to the following as fully sustaining our conclusion: 17 *Am. and Eng. Encyl. Law,* note 2, 337, 338; *Leidig vs. Coover's Executors,* 47 *Pa. St.,* 534; *Barhite's Appeal,* 126 *Penn.,* 404, 17 *Atl. Rep.,* 617;

Farmers' Mutual Fire Ins. Co. vs. Hull.

*McGarvy vs. Roods, Adm'r,* 73 *Iowa,* 363; *Feiertag vs. Feiertag,* 73 *Mich.;* 297.

Order affirmed, with costs.

(Decided 20th June, 1893.)