ROBERT UHLER ET UX. *v.* REAL PROPERTIES, INC. ET AL.

[No. 165, September Term, 1979.]

*Decided November 7, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON, and RODOWSKY, JJ.

*Charles O. Fisher, Sr.,* with whom were *Walsh & Fisher* on the brief, for appellants.

*Mark I. Cantor,* with whom was *Harold I. Glaser* on the brief, for appellees.

RODOWSKY, J., delivered the opinion of the Court.

Appellants suffered the dismissal of their appeal to the Court of Special Appeals on the ground that the record had not been transmitted to the intermediate appellate court from the Circuit Court for Carroll County within the time

required by Maryland Rule 1025. Because appellants have shown that the failure timely to transmit the record was occasioned by the inability of the court stenographer to complete the transcript of testimony, we reverse the dismissal.

The issue with which we are presently concerned is collateral to litigation which commenced on October 12, 1971. Appellee, Real Properties, Inc., which was later joined by other plaintiffs (collectively herein called "RPI") sued appellants, Robert Uhler and Clara Uhler (the "Uhlers") in a dispute concerning an alleged right of way over RPI's land. Following trial on October 28 and November 1, 1974, RPI on January 23, 1975 obtained a decree which, *inter alia,* enjoined the Uhlers from certain use of the easement. By April 2 of that year RPI moved in the original action to have the Uhlers found in contempt. That issue was tried September 23, 1975 and resulted in an order of October 24, 1975 finding the Uhlers in contempt. RPI again moved on July 24, 1978 in the same action for a determination that the Uhlers were in contempt. Following trial on October 16, 1978, a decree of March 6, 1979 adjudged the Uhlers to be in contempt. The subject appeal is from the March 1979 decree.

Preparation of the transcript was requested in writing by the appellants of the court reporter contemporaneously with the timely noting of the appeal. See Rule 1026 a 2. The amount paid as deposit toward cost of the transcript slightly exceeded, as it ultimately developed, the actual cost of the transcript. Two extensions of time for transmitting the record were granted by the Court of Special Appeals on application of the Uhlers. The first application was filed within 60 days after the order for appeal and the second extension application was filed before the expiration of the first extension. The second extension carried to and including Friday, October 26, 1979. On Wednesday, October 17, 1979 the court reporter wrote to counsel for the appellants and requested that he obtain an additional 30 day extension. The reporter explained:

[T]his is the most difficult case I have ever had to transcribe and much of the testimony in the 1974

hearing is defective. Therefore, I need additional time in order to complete this transcript.

Counsel for the Uhlers prepared a third application for extension of time which was mailed on Thursday, October 25, 1979. It was received by the Clerk of the Court of Special Appeals on Monday, October 29, 1979. This application was predicated on the inability of the court reporter to complete the transcript. To it was attached a copy of the letter of October 17, 1979 from the court reporter. These facts were not controverted. The extension was denied. On the margin of the application is endorsed the court's order which reads, "11/7/79 Denied. Untimely filed. Court without jurisdiction to grant. Md. Rule 1025 b." Appellants moved to strike the order of November 7. It was denied on November 15. The court's notation on the motion to strike reads, "Appellant misconstrues Md. Rule 1025 b. Court is without jurisdiction to grant relief unless request for extension is timely. Here it was not."

Despite denial of the extension, counsel for the Uhlers had requested the court reporter to complete preparation of the transcript. This was done and the balance of the transcript was filed with the Clerk of the Circuit Court on November 19. The record was transmitted by the Clerk of the Circuit Court to the Clerk of the Court of Special Appeals on November 30, 1979 under cover of a one sentence letter which states, "We have been requested by the Appellants' attorney to forward this Record to your office and are complying with his request."

On December 6, 1979 RPI filed in the Court of Special Appeals a motion to dismiss the appeal on the ground that the record had not been transmitted within the time prescribed by Rule 1025. The Uhlers answered under affidavit of their counsel who stated that "the failure to transmit the record by October 26, 1979 was due to the inability of the court stenographer to complete the necessary transcripts of testimony by that time." In support of this

position appellants again attached the court reporter's letter of October 17.[1]

The Court of Special Appeals entered an order dismissing the appeal on December 14, 1979. It cited Rule 1035 b 4 which provides that failure to transmit the record within the time prescribed by Rule 1025 is a reason for dismissal. We granted appellants' petition for certiorari directed to the questions of whether the Court of Special Appeals had jurisdiction to extend the time for filing the record and whether there was error in dismissing the appeal.

At the times relevant here [2] Rule 1025 in pertinent part provided:

a. *Within Sixty Days.*

Within sixty days after the first order for appeal is filed, unless a different time shall be fixed by order entered pursuant to section b of this Rule, the clerk of the lower court shall transmit the record to this Court.

b. *Court of Special Appeals May Shorten or Extend Time.*

Upon application of any party and for sufficient cause shown, or upon its own motion, this Court may direct that the record be transmitted within such shorter or longer period of time as may be ordered. Any application for extension of time to file the record shall be made by filing such application with the clerk of this Court within the period

---

1. Appellants' answer states that a letter of November 19, 1979 from the court reporter was attached. However, the attachment was the October 17 letter as reflected by the original record. There is also a letter dated November 19 which was addressed by the court reporter directly to the Clerk of the Court of Special Appeals, filed in the Circuit Court with the transcript and delivered as part of the record to the intermediate appellate court. The November 19 letter states that the transcript was "the testimony and proceedings taken on four different dates," and that the transcript had been completed at the request of appellants' counsel who "was going to file a motion to reinstate the appeal."

2. Rule 1025 a was amended July 3, 1980, effective September 1, 1980, to accommodate prehearing conferences in appeals to the Court of Special Appeals in civil cases. *See* Md. Code (1957, 1977 Repl. Vol., 1980 Cum. Supp.), Rule 1025 a.

of time for filing the record as prescribed by section a of this Rule or as extended by this Court pursuant to this section. No order extending the time for filing the record may be entered if the application is made after the prescribed time for transmitting the record has expired *unless it be shown that the failure to transmit the record was occasioned by the* neglect, omission or *inability of* a judge of this Court, the clerk of the lower court, *the court stenographer* or the appellee.

c. *Delay in Transmitting Due to Mistake.*

An appeal *shall not be dismissed* because the record has not been transmitted within the time prescribed, *if it appears to this Court that such delay was occasioned by the* neglect, omission or *inability of* a judge of this Court, the clerk of the lower court, *the court stenographer* or the appellee; provided, however, that such neglect, omission or inability shall not be presumed but must be shown by the appellant. [Emphasis added.]

These provisions have roots going back more than one and a quarter centuries. An appellant in Maryland has been increasingly protected from dismissal of his appeal for failure timely to transmit the record, if it is shown to the appellate court that the failure is occasioned by certain persons, other than the appellant, who play roles in the record preparation and transmittal process. Initially, under Chapter 288 of the Acts of 1842,[3] the appeal was preserved if the delay in transmitting the record was occasioned by the neglect or omission of the clerk of the lower court. The substance of this provision was continued in the 1860 Code of

---

3. The Act, passed March 7, 1843 provided:

*Be it enacted by the General Assembly of Maryland,* That in any case now pending or hereafter to be depending in the Court of Appeals of the Eastern or Western Shore of this State, the court shall entertain said appeal although the transcript or certified copy of the record shall not have been transmitted within the time required by law, if it shall appear to the said Court of Appeals that such delay in transmitting of the transcript of the record was occasioned by the neglect or omission of the register or clerk, and without default of the party.

Public General Laws as Art. 5, § 30.[4] In rules of this Court respecting appeals, effective January 1, 1870, the 1860 Code provision was continued as Rule 16. The "inability" of the clerk was added together with the following clause: "but such neglect, omission or inability shall not be presumed, but must be shown by the appellant." 29 Md. xxii (1898 Perkins' ed.); Md. Code (1888), Art. 5, § 38. In the revision of the Rules of this Court of April 5, 1909, Rule 16 was amended to add excuse for delay occasioned by the appellee. The provision continued without textual change [5] until the order of January 30, 1945, effective February 1, 1945 when a sentence was added which reads: "For good cause shown the Court of Appeals, or if the Court is not in session the Chief Judge thereof, may extend the time for transmitting the transcript by order made before the expiration of the time." The rule in this form remained unchanged until January 1, 1957.

The general operation of these provisions, in terms of former Rule 16 (Md. Code (1912), Art. 5, § 40) is described in *Miller v. Mencken,* 124 Md. 673, 675, 93 A. 219, 220 (1915).

> This section has many times been under consideration by this Court, and it has been consistently held, and thus firmly established as the law, that when it appears that more than the prescribed time, from the date of the appeal and the transmission of the record, had elapsed, *prima facie* evidence has been furnished requiring the Court, under its rules, to dismiss the appeal; and, if the appellant would save his appeal, he must rebut and overcome this *prima facie* evidence. As the rule

---

4. The Code of 1860 was adopted as the statutory law of Maryland. Acts of 1860, Ch. 1, § 1; Mayor of Frederick v. Groshon, 30 Md. 436 (1869). Md. Code (1860), Art. 5, § 30 provided:

No appeal shall be dismissed because a copy of the record shall not have been transmitted within the time required by law, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect or omission of the clerk.

5. The provision became Rule 18 in the rules revision under Order of this Court of November 21, 1919, effective March 1, 1920. It was Rule 17 in the order effective February 1, 1945 and was renumbered as Rule 11 by order of July 24, 1945. Rule 11 is reproduced in 3 Md. Code 4823 (1951).

states, no presumption arises that it was the neglect, omission or inability of the clerk or appellee, but the *onus* is on the appellant of showing the neglect, omission or inability was theirs or of one of them, and in the absence of proof that they, or either of them, were in default the presumption is that the delay was through the default of the appellant, and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time.

In cases arising under the statutes or rules existing prior to January 1, 1957, where the appellant was able to make the required showing that the failure to transmit the record had been occasioned by the neglect, omission or inability of the clerk or appellee, the appeal has been preserved.[6] In cases governed by those provisions in which the appeal was dismissed for failure to transmit the record within the time required, we have regularly noted that there was either absent a showing, or there was an insufficient showing, that the delay was occasioned by the neglect, omission or inability of the clerk or appellee.[7]

---

6. *E.g.*, Williams Realty Co. v. Robey, 175 Md. 532, 534, 2 A.2d 683, 684 (1938); Mitchell v. Slye, 137 Md. 89, 94-96, 111 A. 814, 815-16 (1920); Whittington v. Commissioners of Crisfield, 121 Md. 387, 395, 88 A. 232, 235 (1913); Koenig v. Ward, 104 Md. 564, 567, 65 A. 345, 346 (1906); Miller v. Gehr, 91 Md. 709, 714, 47 A. 1032, 1033 (1900); Ellinger v. Mayor and City Council of Baltimore, 90 Md. 696, 697, 45 A. 884, 885 (1900); Brown v. Ravenscraft, 88 Md. 216, 217-18, 44 A. 170, 171 (1898); Baldwin v. Mitchell, 86 Md. 379, 384, 38 A. 775, 776-77 (1897); Bixler v. Sellman, 77 Md. 494, 495, 27 A. 137 (1893); Walter v. Second National Bank of Baltimore, 56 Md. 138, 139-40 (1881) (appeal dismissed on other grounds); Bowie v. Neale, 41 Md. 124, 130-31 (1874); Lewin v. Simpson, 38 Md. 468, 480-81 (1873); O'Hern v. Browning, 33 Md. 471, 474-75 (1871).

7. Presstman v. Fine, 162 Md. 133, 136, 159 A. 265, 266 (1932); Wilmer v. Haines, 148 Md. 387, 389, 129 A. 347, 348 (1925); Brill v. State, 144 Md. 68, 73, 124 A. 414, 415-16 (1923); Marx v. Reinecke, 142 Md. 342, 345, 120 A. 876, 877-78 (1923), *appeal dismissed*, 270 U.S. 664, 46 S. Ct. 204, 70 L. Ed. 788 (1926); Castelberg v. Hamburger, 133 Md. 42, 45, 104 A. 473, 474 (1918); Warburton v. Robinson, 113 Md. 24, 27, 77 A. 127, 128 (1910); Maryland, Delaware & Virginia Ry. v. Hammond, 110 Md. 124, 72 A. 650, 651 (1909); Estep v. Tuck, 109 Md. 528, 531, 72 A. 459, 460-61 (1909); Steiner v. Harding, 88 Md. 343, 41 A. 799, 800 (1898); Parsons v. Padgett, 65 Md. 356, 4 A. 410 (1886); Northern Central Ry. v. Rutledge, 48 Md. 262 (1878).

We dismissed on December 14, 1943, under former Rule 18, an appeal in which a delay of three weeks in transmittal of the record was due neither to the fault of the clerk nor of the appellee but was at least contended to be due to the court reporter. Part of this Court's rationale was that "the delay was not for any reason covered by Rule 18." *Doughnut Corporation of America v. Chapman*, 182 Md. 493, 496, 35 A.2d 114, 115 (1943). This problem was addressed in the rules revision effective January 1, 1957.

The comprehensive Twelfth Report of the Standing Committee on Rules of Practice and Procedure resulted in the organization of the rules into chapters, including Chapter 800. Rule 825 expanded the former rule by including protection against dismissal because of the neglect, omission or inability of the court stenographer. The 1957 appeal rules also reduced the time for transmittal of the record to 30 days following filing of the first order for appeal. It was recognized that the prime obstacle in meeting the 30 day requirement for some cases could be the inability of court reporters to complete transcripts within that time. Accordingly, provision was made for the first time in appellate rules adopted under our rule making power expressed in the Maryland Constitution for the trial court to extend the time for transmittal of the record. This was because the trial court would be more familiar with any difficulties which the court reporter might have. Extensions by trial courts were limited to a maximum of 90 days from the appeal order. Thereafter, an extension of time could only be obtained from this Court, before the time for transmitting the record had expired, "unless it be shown that the failure . . . was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee." [8]

---

8. The full text of Rule 825, as adopted effective January 1, 1957, is:
   Rule 825. Record — Time for Transmitting.

   a. *Within Thirty Days.*

   Promptly after an order for appeal is filed pursuant to Rule 812 (Appeal — Time for Filing), and in any event within thirty days after the first order for appeal is filed unless a different time shall be fixed by order entered pursuant to sections b and c of this Rule, the clerk of the lower court shall transmit the record to this Court.

16

Rule 825 b was further amended, effective May 15, 1963, "to make it clear that the lower court may only extend if the order is signed before the expiration of the original thirty-day period, or within the period as extended by a previous extension order." Committee Note to Rule 825 b, 9B Md. Code (1957, 1963 Repl. Vol.).[9] This limitation on the time of signing a trial court extension order should be contrasted, however, with the provision of section c of Rule 825, applicable to this Court, under which an extension order could be entered after the time for transmittal had expired, upon a showing of delay caused by designated persons other than the appellant.

---

b. *Lower Court May Shorten or Extend Time.*

Upon application of any party and for sufficient cause shown, or upon its own motion, the lower court may direct that the record be transmitted within such shorter or longer period of time, not exceeding ninety days after the first order for appeal is filed, as may be ordered.

c. *Court of Appeals May Shorten or Extend Time.*

Upon application of any party and for sufficient cause shown, or upon its own motion, this Court may direct that the record be transmitted within such shorter or longer period of time as may be ordered. Such an order will not be entered after the time for transmitting the record has expired unless it be shown that the failure to transmit the record was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee. An order of this Court entered pursuant to this Section shall supersede and take precedence over any order of the lower court entered pursuant to section b of this Rule.

d. *Delay in Transmitting Due to Mistake.*

An appeal shall not be dismissed because the record has not been transmitted within the time prescribed, if it appears to this Court that such delay was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or appellee; provided, however, that such neglect, omission or inability shall not be presumed but must be shown by the appellant.

*See* 9 Md. Code (1957), Rule 825 and the accompanying committee note.

**9.** The text of Rule 825 b, as amended in 1963, was:

b. *Lower Court May Shorten or Extend Time.*

Upon application of any party and for sufficient cause shown, or upon its own motion, the lower court may, by order, shorten or extend the time for transmitting the record, if its order is made before the expiration of the period for transmitting the record as originally prescribed or as extended by a previous order; but the lower court shall not extend the time to a day more than ninety days from the date after the first order for appeal is filed.

The first rules of the Court of Special Appeals were adopted by this Court January 6, 1967. Chapter 1000 was patterned on Chapter 800, and the model for Rule 1025 was Rule 825, as amended in 1963. In the period between January 1, 1957 and the amendments to Rules 825 and 1025 in 1975, hereinafter discussed, both this Court and the Court of Special Appeals have noted, in dismissing appeals for failure timely to transmit the record, that the particular cases did not present delays caused by neglect, omission or inability of the clerk, reporter or appellee. *See, e.g., Goldman v. Tauber,* 258 Md. 174, 176, 265 A.2d 225, 226 (1970); *Rossen v. Novak,* 259 Md. 508, 509, 270 A.2d 465 (1970); *Agnoli v. Powers,* 235 Md. 289, 293, 201 A.2d 487, 489 (1964); *Laukenmann v. Laukenmann,* 17 Md. App. 107, 109, 299 A.2d 466, 467 (1973).

Following the conferral on the Court of Special Appeals of exclusive initial appellate jurisdiction and the conferral on this Court of jurisdiction to review by certiorari a judgment of a circuit court on an appeal from the District Court of Maryland, a revision of Chapters 800 and 1000 of the Maryland Rules was proposed by the Rules Committee as part of its 48th Report. These proposed rules were published May 14, 1975 in 2 Md. Reg. 725. Under the Rules Committee draft of Rule 1025, power would have been retained in the trial court to extend the time for record transmittal. The report also recommended amendments to then Rule 1025 c. Changes proposed for Rule 1025 c are set forth below (italics denote new matter; brackets denote deletions):

c. *Court of Special Appeals May Shorten or Extend Time.*

Upon application of any party and for sufficient cause shown, or upon its own motion, this Court may direct that the record be transmitted within such shorter or longer period of time as may be ordered. *Any application for an extension of time to file the record shall be made within the period of time for filing the record as prescribed by section a. of this Rule or as extended by the lower court pursuant to section b. of this Rule.* [Such an] *No*

order *extending the time for filing the record* [will] *may* [not] be entered *if the application is made* after the *prescribed* time for transmitting the record has expired, unless it be shown that the failure to transmit the record was occasioned by the neglect, omission or inability of the clerk of the lower court, the court stenographer or the appellee. An order of this Court entered pursuant to this section [shall supersede] *supersedes* and [take] *takes* precedence over any order of the lower court entered pursuant to section b. of this Rule.

If in the instant matter the Court of Special Appeals correctly determined that it lacked power to grant the requested extension then it would seem that that result must have been produced by the rules changes of 1975.

However, in its 48th Report the Rules Committee described all of the changes proposed for Chapter 1000, with two exceptions not pertinent here, "to be basic 'housekeeping' changes required to delete obsolete provisions and to conform procedure to the pertinent sections of the Courts Article, as amended . . . ." 2 Md. Reg. at 726. Thereafter, this Court revised the proposed rules by removing from the trial courts the power to grant extensions and by enlarging the basic period for record transmittal to 60 days. Of particular significance here is that the class of persons whose "neglect, omission or inability" could occasion and excuse delay was *expanded* to include a judge of the Court of Special Appeals in Rule 1025, and, in a companion amendment to Rule 825, a judge of this Court. Former section b of Rule 1025 was deleted, former section c was relettered to "b" and Rule 1025 was adopted in the form extant at the time relevant to the subject appeal. 2 Md. Reg. 983, 987, 994 (June 25, 1975).

Section b of Rule 1025 must be read as a whole and read in conjunction with section c. The 1975 addition of the second sentence under which any "application for extension of time to file the record shall be made . . . within the period of time for filing the record as prescribed [by Rule 1025 a] . . . or as

extended . . ." did not remove the condition of the third sentence which allows the Court of Special Appeals to grant an extension untimely applied for if "it be shown that the failure to transmit the record was occasioned by the . . . inability of . . . the court stenographer . . . ." Even more fundamental is that present section c of Rule 825, from which Rule 1025 c was cloned, has stood intact since 1957 and embodies an historic policy designed to protect, in appropriate cases, against dismissal of appeals because of specified types of delay in record transmittal.

Rule 1025 c is a prohibition against dismissal ("[a]n appeal shall not be dismissed . . .") where a specified excusing condition has been demonstrated. Thus the second sentence of Rule 1025 b is an express direction to appellants as to the time within which the application for extension is to be filed. It applies to all requests for extensions of time for filing the record, without regard to the reasons either advanced for the request or in fact underlying the failure to have transmitted the record within the prescribed time. But, because of the third sentence of Rule 1025 b and because of Rule 1025 c, the consequences of an untimely extension application may vary. The procedure in the Court of Special Appeals may also vary under which the issue of the existence of excusing conditions arises.

If the untimely extension request fails to show one of the reasons for delay in record transmittal specified in the third sentence of Rule 1025 b, the request cannot at that time be granted. The appeal is then in a posture where it is subject to dismissal on motion of the appellee, or by the Court of Special Appeals on its own motion. Rule 1035 a 2 and b 4. This is so because it is an appellant's burden to demonstrate that one of the excusing conditions occasioned the delay and all delay is presumed to be due to the appellant. Should the appellee move to dismiss under Rule 1036 c and the appellant answer by asserting an excusing condition, the issue is resolved on motion, and usually, with affidavits. A. Scanlan, *Effective Appellate Advocacy in the Court of Appeals of Maryland,* 29 Md. L. Rev. 126, 129 (1969); 2 Poe, *Pleading and Practice* § 823, at 781 n.1 (1st ed. 1882). On the other

hand, should the Court of Special Appeals desire to address the problem immediately, there would be at least two options available. The court may conclude to issue an order for the appellant to show cause why the appeal should not be dismissed, which would be resolved much like a motion to dismiss by the appellee. Alternatively, the appeal may be dismissed on the court's own motion.[10]

However, an appellant whose appeal is dismissed may move in the Court of Special Appeals to rescind the order of dismissal. Rule 1035 c provides in part as follows:

> If an appeal has been dismissed pursuant to subsection 4 [record not transmitted within time prescribed by Rule 1025] . . . the order dismissing the appeal may, upon motion filed within twenty days thereafter be rescinded if [the Court of Special Appeals] be satisfied that the failure to transmit the record . . . was unavoidable by reason of sickness or other sufficient cause.

The "sufficient cause" referred to in Rule 1035 c at least includes the excusing conditions set forth in Rule 1025 c. If the absence of any of these excusing conditions has not been determined prior to dismissal and the existence of an excusing condition is shown in support of the motion to rescind, then the motion must be granted.

If an appellant's request for extension of time for filing the record is based upon one of the conditions which could excuse delay, as enumerated in the third sentence of Rule 1025 b, but it is not timely filed, the procedure for resolving the matter lies in the motion practice of the Court of Special

---

**10.** In the instant matter RPI's motion to dismiss was filed more than 10 days after the expiration of the extended time for transmittal of the record. Rule 1036 c. There is authority for an appellate court declining to consider a motion to dismiss which is not timely filed, with the right in the appellee later to move to dismiss in conjunction with the filing of the appellee's brief. Agnoli v. Powers, *supra*, 235 Md. at 293-94, 201 A.2d at 489. If the granting in this case of RPI's motion to dismiss were viewed to be improper on procedural grounds, dismissal of the Uhlers' appeal would in effect have resulted from the Court of Special Appeals dismissing on its own motion. Assuming that the dismissal here is on the court's own motion, nevertheless the Uhlers had demonstrated an excusing condition prior to the entry of the order of dismissal.

Appeals. If that court is satisfied intially that an excusing condition has been tentatively demonstrated, it may grant the motion for extension forthwith, under the provisions of the third sentence of Rule 1025 b and as an emergency matter under Rule 1055 e 2, subject to the right of the appellee to file a motion to strike the extension order. Alternatively, the court may defer ruling on the motion for an extension until the appellee has had an opportunity to answer. Rule 1055 e 1. If the existence of excusing conditions asserted in the motion for extension is not controverted, or, if controverted, it appears to the Court of Special Appeals that the delay was occasioned by the neglect, omission or inability of a judge of that court, the clerk of the lower court, the court stenographer or the appellee, then the appeal cannot be dismissed for failure to transmit the record within the time prescribed. Rule 1025 c.

The purpose for requiring that an application for extension of time for transmittal of the record be filed prior to a prescribed date is to maintain docket control. An appellant's counsel who fails timely to apply for an extension runs the risk that his case is not within one of the excusing conditions, or that he will be unable to demonstrate that it is. At all times, however, the Court of Special Appeals retains the ability to avoid a procedural limbo by its power to dismiss an appeal on its own motion where failure timely to transmit the record has not been shown to be excused.

There is also a power conferred on the lower court by Rule 1013 to dismiss an appeal for, *inter alia,* failure to transmit the record within the time prescribed. The procedure under that rule is not presented in this appeal.[11]

In the instant matter the Uhlers had demonstrated in their motion for extension of time which was filed one court business day late, in their motion to strike the order denying the extension, and in their opposition to RPI's motion to

---

**11.** Petition No. 294, September Term 1980 involves an untimely application for an extension of time for record transmittal which was based upon alleged inability of the court reporter. Denial of the extension by the Court of Special Appeals was followed by a dismissal of the appeal by the lower court under Rule 1013. We have granted *certiorari.*

dismiss that the failure to transmit the record within the time prescribed had been occasioned by the inability of the court reporter. It was therefore error for the Court of Special Appeals to dismiss the appeal. Since the record has now been filed, the issue of whether the Uhlers' request for an extension should have been granted when presented is moot. However, for the reasons set forth above, the Court of Special Appeals did have the power to grant an extension when the request was filed, had that court concluded to do so at that time.

RPI, in its argument, emphasizes that the court reporter advised counsel for the Uhlers, by letter dated October 17 and received a day or two thereafter, of the need for a 30 day extension from October 26, but that counsel for the Uhlers did not mail the extension application from Westminster until one day prior to October 26. This argument is really addressed to whether the failure to apply for the extension within the prescribed time was occasioned by the neglect, omission or inability of the court stenographer, which it clearly was not. However, the Uhlers' appeal was dismissed under Rule 1035 b 4 because the record had not been transmitted within the time prescribed, *i.e.,* on or before October 26, 1979. The reason the record was not transmitted by October 26, 1979 was because the court stenographer had been unable to complete the transcript and Rule 1025 c therefore applies.

> *Judgment of the Court of Special Appeals reversed.*
>
> *Case remanded to the Court of Special Appeals for further proceedings.*
>
> *Costs to abide the result.*