(Decided 13th January, 1871.)

SARAH R. O'HERN *vs.* JOHN H. BROWNING, COR-
NELIUS S. JOHNSON, and others.

## *Appeal.*

An appellant will not be denied his right of appeal, because the record of the case is not transmitted to the Court of Appeals within nine months from the entry of the appeal, as required by law, it appearing that the record was not prepared for transmission within that time.

APPEAL from the Circuit Court for Allegany County, in Equity.

This was an appeal from an order passed on the 6th of August, 1869, striking out the appellant's appeal from a decree passed on the 19th of August, 1868, rejecting her claims of over $25,000 ; and also from an order passed on the 28th of December, 1869, refusing to restore said appeal.

The appeal was stricken out by the Circuit Court at the instance of the appellees, complainants below, upon the alleged ground of the neglect of the appellant to have a transcript of the proceedings in the cause transmitted to the Court of Appeals within the time required by law.

The appeal from the decree of the 19th of August, 1868, was entered on the 5th of October, 1868, the record of the proceedings in the case, to be transmitted to the Court of Appeals, was duly copied about the 13th of July, 1869, but the costs for preparing the same were not entered upon the record until the 24th of August following, on which day the record was duly certified by the clerk under the seal of the Court. A motion was made to dismiss the appeal.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ROBINSON, J.

*William Walsh,* for the appellant.

The record of a case to be transmitted to the Court of Appeals is not completed until it is certified *under the seal of the Court,* and the costs taxed up, and the work all done, and the amount the appellant is to pay ascertained by actual taxation of costs. The suitor is not obliged to pay the clerk beforehand, or to pay by guess at the amount, at the risk of having his appeal dismissed.

The act of 1864, ch. 322, is a penal Act, made for the benefit of clerks, and the Court will require them to come fully within its provisions before it will inflict a forfeiture of the appeal on the suitor. The record must be made out by the clerk *within the nine months,* or it is not made out *as required by law.* And in order to make out the record *as required by law,* it must not only be transcribed within the nine months, but must be under the seal of the Court and transmitted within the nine months.

The order striking out the appeal, and the order refusing to restore it or to allow testimony to be taken to bring the case truly before the Court, are clearly final; they deprive the appellant of all further remedy and close the case forever, and finally destroy all the rights she claimed in the case. "No appeal can be prosecuted in this Court until a decision has been had in the Court below, which is so far final as to

settle and conclude the rights of the party involved in the action, or denying to the party the 'means of further prosecuting or defending the suit." · *Boteler & Belt vs. State,* 7 *Gill & Johns.,* 112, 113.

The order striking out Sarah R. O'Hern's appeal, concluded her rights and prevented her prosecuting the case further. The second order, refusing to vacate the first for alleged fraud and surprise, and refusing to let her take testimony to controvert the *ex parte* statements on which the first order was passed, " denied her the means of further prosecuting or defending the suit;" these orders have concluded her rights and denied her the opportunity of making proof or argument in their support.

An order settling any disputed right or interest, is final, and an appeal lies from it. *Chesapeake Bank vs. McClellan,* 1 *Md., Ch. Dec.,* 328; *Ware, et al. vs. Richardson,* 3 *Md.,* 505; *Ringold's Case,* 1 *Bland.,* 5.

An appeal lies from a decree dismissing a petition to vacate an enrolled decree, or dismissing a bill of review or refusing to strike out a judgment. *Oliver vs. Palmer & Hamilton,* 11 *Gill & Johns.,* 137; *Berrett vs. Oliver,* 7 *Gill & Johns.,* 191; *Hall, et al. vs. Holmes,* 30 *Md.,* 558; *Montgomery vs. Murphy,* 19 *Md.,* 577.

*George A. Thurston,* for the appellees.

The order of the Circuit Court striking out the appeal from the decree of the 19th of August, 1868, was final and conclusive, and no appeal will lie therefrom :

1st. Because the Act of 1864, ch. 322, expressly confers exclusive and general jurisdiction on the Circuit Court for Allegany county in Equity.

2d. Because the law conferring the power and jurisdiction on the Court from which an appeal is taken, to dismiss the same, in case the appellant or plaintiff in error shall have neglected or omitted to pay for such record, or by any other neglect or omission on the part of such appellant or plaintiff,

the said record shall not be sent to the Court of Appeals within nine months after the appeal has been entered, or writ of error produced, &c., confers a new, original and special jurisdiction, not before enjoyed or exercised by such Court; and does not provide for any appeal from its decisions thereupon. *W. & S. R. R. Co. vs. Condon,* 8 *G. & J.,* 448; *Carter & Wife vs. Dennison,* 7 *Gill,* 170, 171; *Lammott vs. Maulsby,* 8 *Md.,* 7; *Balto. & Havre de Grace Turn. Co. vs. Nor. Cen. R. R. Co.,* 15 *Md.,* 193; *Negroes' Bell, et al. vs. Jones,* 10 *Md.,* 322; *Johnson vs. Brannaman,* 10 *Md.,* 495; *Graff vs. Mayor & C. C. of Balto.,* 10 *Md.,* 544.

3d. Because no appeal is provided from the decision of the Court in dismissing an appeal prayed from its decision or decree, and without which no appeal will lie from the decision upon subjects committed to the discretion of such Court, as in this and like cases. *Robinson vs. Commr. of Harford Co.,* 12 *Md.,* 132; *Howard vs. Waters,* 19 *Md.,* 529; *Hoffman vs. State,* 20 *Md.,* 430.

STEWART, J., delivered the opinion of the Court.

Under the Act of 1864, chapter 322, a party may lose his right of appeal if, by his neglect, the record shall not be transmitted to the Court of Appeals within nine months after the appeal has been entered, and the Court, from which the appeal was taken, may strike out the entry of the appeal in such case.

This loss of right to appeal, besides for other neglect, may be incurred by failure to pay the clerk for the preparation of the record, which the clerk is required to make out and transmit to the Court of Appeals within nine months after the appeal is entered.

It is the duty of the clerk to prepare the record, for transmission to this Court, within the nine months from the entry of the appeal, and where this is done, and his legal charge for the same has been made out and not paid, and the record is not transmitted within time, on that account the right of appeal is lost by such omission of the appellant.

O'Hern *vs.* Browning, *et al.*

When the clerk's bill for the preparation of the record is not paid, or the record not transmitted within the nine months, from any other neglect or omission on the part of the appellant, the Court below has the power to strike out the entry of the appeal, and no other appeal can be taken on the same matter. Before this law deprives the party of his right of appeal, on account of the non-payment of the clerk's bill for making out the record, which was the ground relied upon in this case, the clerk must have the record prepared for transmission within nine months from the entry of the appeal.

These provisions were intended to secure diligence on the part of the appellant, in maintaining his right of appeal, and also on the part of the clerk, and to allow him no excuse for not preparing the record for transmission in due time, because of the non-payment of his bill of fees for the same.

From the evidence adduced in this case, it does not appear that the record (which means a sufficient transcript of the proceedings below, to enable the Court of Appeals to review the same,) was prepared for transmission within the nine months from the entry of the appeal, and, therefore, we do not see that the appellant can be denied her right of appeal on that account.

To the extent, and under the limitations of the law, this right of appeal is not to be abridged by any narrow or technical construction. On the contrary, it is a valuable right secured to parties, where they are vigilant, and not to be forfeited, unless where they are guilty of such *laches* as the law will not sanction.

The motion to dismiss the appeal from the order refusing to rescind the order striking out the appeal must be overruled, and the order of the Court below refusing to reinstate the appeal, must be reversed, and an order will be passed by this Court reversing said order, and rescinding the first order striking out the appeal.

*Motion to dismiss overruled,*
*and order reversed.*

(Decided 13th January, 1871.)