## PRICE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 47, October Term, 1956.]

*Decided February 12, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

James Price makes application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Michaelson sitting in the Circuit Court for Anne Arundel County, on September 24, 1956.

Petitioner was convicted by Judge Carter in the Criminal Court of Baltimore on February 8, 1956, on a charge of possession of narcotics, and was sentenced to ten years in the Maryland Penitentiary. Petitioner, who was represented by counsel at his trial, filed a motion for appeal or review on April 29, 1956, which was ineffective because not taken within the time prescribed for the taking of appeals.

Price filed his petition for a writ of *habeas corpus* in Anne Arundel County, and Judge Michaelson denied the same, without hearing, because: "The reasons given by the petitioner for having the writ issue relate to matters which are considered in a motion for a new trial or in an appeal to the Court of Appeals".

Petitioner contends: (1) He was arrested without a warrant; (2) he was made to give evidence against himself at the trial; (3) that the evidence was insufficient to sustain a conviction; and (4) that he made a motion to "strike out the sentence", which motion was denied and he requested an appeal to the Court of Appeals therefrom, which was not granted by the trial court. With reference to (1) and (3),

this Court has recently held that after conviction the illegality of an arrest cannot be reviewed on *habeas corpus* hearing; nor can the sufficiency of the evidence be tested in such a proceeding. *Spence v. Warden,* 204 Md. 661, 103 A. 2d 345, and the cases cited therein; also *Spencer v. Warden,* 207 Md. 630, 114 A. 2d 891, as to (3). With reference to (2), it needs no citation of authority to say the question of inadmissibility of evidence at a trial is subject to review on appeal, but not on *habeas corpus* hearing.

(4) The record discloses petitioner made a motion to strike out the sentence, which was denied on August 1, 1956. Petitioner sent a letter asking an appeal be noted to this Court, which was not perfected. The motion to strike out the sentence was based on "irregularities, errors, deceit and fraud in the trial and testimony presented to a jury in the Criminal Court of Baltimore and it is hereby stated upon merits that the testimony and evidence improperly offered was at variance with the allegation in the indictment, and should not have been permissible". This Court has held that an appeal from a motion to strike out a sentence or a judgment *may* be entertained. *Duker v. State,* 162 Md. 546, 160 A. 279, and cases therein cited. *Madison v. State,* 205 Md. 425, 109 A. 2d 96. It also has held that litigants cannot change what is a motion for a new trial into a motion to strike out a sentence and judgment simply by styling it as such. *Kinnard v. State,* 183 Md. 377, 384, 38 A. 2d 92.

The trial court has no authority to disallow or strike out an appeal except under the provisions of Art. 5, sec. 46 (now Rule 813). But assuming, without deciding, the trial court had the authority to deny the request for an appeal, and this denial were a proper subject to consider on *habeas corpus,* we think what few, if any, intelligible reasons can be gleaned therefrom would amount to no more than a motion for a new trial, which, of course, would not have been the subject of an appeal.

As we are unable to discover any reversible error in the record, the application must be denied.

*Application denied, with costs.*