## JOHNS *v.* STATE

[No. 194, September Term, 1957.]

*Decided March 27, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Albert C. Johns, pro se,* for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *J. Harold Grady, State's Attorney for Baltimore City,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Albert C. Johns appeals from denial in 1957 by the Criminal Court of Baltimore of his application for the writ of error *coram nobis* and his motion to strike judgment and sentence of imprisonment for life imposed in 1938 for first degree murder by three Judges of that court, after the Supreme Bench of Baltimore City had denied a new trial. Since 1950, he has filed some sixty petitions or writs in various courts, including the District Court of the United States for the District of Maryland, the Supreme Court of the United States, and this Court. All have been denied.

In *Johns v. Warden,* 205 Md. 644, his claims that he did not receive a copy of the indictment and was denied a chance to summons his witnesses, and his allegation, without supporting facts, that perjured testimony was used, were held not to be bases for the writ of *habeas corpus.* In *Johns v. Warden,* 207 Md. 624, 628, the Court considered at some length his allegations that Maggie Maitland, the principal.

if not the only, witness against him, gave perjured testimony and that the State's Attorney knew that her testimony was untrue, and said: "We are of opinion that the recital of the testimony of Maggie Maitland, here alleged, is not sufficient to show either that she committed perjury or that the State's officers knew that her testimony was perjured. The weight of such testimony was for the trier of facts." In *Johns v. Warden*, 210 Md. 666, we reviewed his petition for a writ of *habeas corpus* in which he included a motion to strike the judgment and sentence and a writ of error *coram nobis*. Judge Carter, sitting in the Criminal Court of Baltimore, denied both the motion to strike and the application for a writ of error *coram nobis*, and Judge Niles, sitting in the City Court, refused to grant the writ of *habeas corpus*. No appeal was taken from Judge Carter's denials, and we concluded that "* * * the correctness of the Court's action in denying them is not before us", and found no error in the action of Judge Niles since Johns had raised no points that had not already been found insufficient to justify the granting of the writ of *habeas corpus*.

Thereafter, Johns filed a new application for the writ of error *coram nobis*, and a month later a motion to strike judgment and sentence. Judge Warnken denied both the application and the motion, and four days later, Johns noted an appeal.

The relief sought is based on claims that his trial was fraudulent because false and perjured testimony was given by Maggie Maitland. Perhaps because the issue had already been decided against him in *Johns v. Warden*, 207 Md. 624, he does not now charge that the State knowingly participated in the use of testimony alleged to have been false. Johns says that Maggie Maitland testified falsely in stating under oath that she knew him for a year and a half, which was the period she worked in a tavern that he frequented. He says that he has proof that this was not true since on two different occasions in the year and a half, he was serving a sentence in the Maryland House of Correction, although he admits that for approximately two months he did frequent the tavern where Maggie Maitland worked. Johns further contends that

Maggie Maitland placed a lamppost, the light from which she said permitted her to identify him at the time of the murder, in front of 626 George Street when, according to the records of the City, and in fact, the lamppost was then located at the property line between 620 and 622 George Street. It is difficult to tell from the portions of the transcript on which Johns relies, whether his interpretation as to where the witness placed the lamppost is completely accurate, since she seems to have identified him at two different times, once when he was in front of 626 George Street, and once when he passed her as he was moving away from there.

The same contentions that Johns makes here have been rejected by this Court. In *Madison v. State*, 205 Md. 425, 432, long after the term in which judgment and sentence were rendered, the prisoner filed a motion to strike out judgment and sentence on the ground of newly discovered evidence, found in the claim that a principal witness had testified falsely and had recanted her testimony. Although the *Madison* case did not in terms seek a writ of error *coram nobis,* the Court dealt with the application as if it were for the writ and reviewed the instances in which the writ was and was not available, saying: "* * * it is appropriate to say that *coram nobis* will not lie (1) to correct an issue of fact which has been adjudicated, even though wrongly determined, or (2) to determine whether any witnesses testified falsely at the trial, or (3) to present newly discovered evidence, or (4) to strike out a conviction on the ground that the prosecuting witness was mistaken in his identification of the accused as the person who committed the crime." See also *Bernard v. State,* 193 Md. 1, 3-4.

Johns' contentions come down, in essence, to the claim that a showing that perjured testimony was given at the trial is enough, standing alone, to establish fraud that justifies a striking of judgment and sentence after the term. This is not the law. *Madison v. State, supra; Jones v. State,* 214 Md. 525; *Johnson v. State,* 215 Md. 333; *Price v. Warden,* 212 Md. 661. In *Madison,* it was pointed out that when a convicted defendant seeks to set aside a judgment and sentence after the term, the burden is on him to show not only that

material perjured testimony was used to convict him but also that it was knowingly and intentionally used by the prosecuting authorities. As we have noted, Johns does not now allege that the State knew that any of Maggie Maitland's testimony was false, and *Johns v. Warden,* 207 Md. 624, *supra,* found to the contrary.

Johns' allegations are insufficient either to justify the issuance of a writ of error *coram nobis* or to serve as a basis for the striking of the judgment and sentence.

*Order affirmed, with costs.*