318

CARR *v.* STATE

[No. 55, September Term, 1958.]

*Decided November 24, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND and HORNEY, JJ., and HENRY, Chief Judge of the First Judicial Circuit, specially assigned.

*Sheldon A. Rubenstein,* for appellant.

*Clayton A. Dietrich, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Carr, was tried and convicted on a bastardy charge in the Criminal Court of Baltimore in 1955 and was ordered to pay seven dollars a week for the support of the child. Several witnesses testified in support of the State's case, including the midwife to whom Carr took the prosecuting witness. The late Judge Moser, before whom the case was tried (without a jury), in reaching his verdict placed great reliance upon the midwife's testimony. In 1956 the appellant obtained an affidavit executed or alleged to have been executed by the prosecuting witness stating that he was not the father of her child. He then stopped making the weekly payments which had been ordered. The prosecuting witness repudiated the affidavit, and Carr was then indicted for obstructing justice. He was tried on that charge and was acquitted. In 1958 he filed a motion to strike out the verdict,

judgment and sentence entered against him in 1955. The State excepted to this motion, its exceptions were sustained, and Carr's motion was dismissed. He appeals from the order of dismissal.

The appellant contends that "the full facts were not before the original trial judge and that therefore he was not granted a full and impartial hearing at the original trial for bastardy."

The term at which the sentence was imposed had expired long before the present motion was filed. (This is a motion to strike, not a motion under Rule 744 b of the Maryland Rules under which the sentence in bastardy or certain other types of cases may be reduced, changed, modified or suspended.) Judge Cullen held that under *Madison v. State,* 205 Md. 425, 434, 109 A. 2d 96, he had no power after the term at which Carr had been convicted to determine whether any witness testified falsely at the trial, or to correct any issue of fact, which had been adjudicated, even though wrongly determined. He also was of the opinion that, on the basis of the motion and the exhibit accompanying it, which was the recanting affidavit, neither should a new trial be granted nor should the verdict, judgment and sentence be stricken out.

The appellant concedes in his brief that "[w]hether or not the witness lied is, of course, a question not to be raised on a Motion to Strike." Yet, in spite of this concession, the alleged perjury seems to be the real foundation of the appellant's contention.

Essentially the case seems to amount to a motion for a new trial. (A timely motion for a new trial was made in the original case, but was denied.) A motion to strike cannot be made to serve belatedly the purpose of a motion for a new trial. *Johnson v. State,* 215 Md. 333, 138 A. 2d 372. As was said in that case, "[I]t is obvious that the motion in the present case is no more than an application to present allegedly newly discovered evidence in an attempt to prove that a witness testified falsely at the trial; * * *. It is, in reality, a motion for a new trial, filed long after the time allowed for filing such a motion; * * * litigants cannot change what is a motion for a new trial into a motion to strike out a sentence and judgment simply by styling it as such. *Price v. Warden,*

212 Md. 661, 663, 129 A. 2d 120. As the motion being considered was no more than a motion for a new trial, tardily filed, the only duty that devolved upon the trial court was to dismiss the same, when requested to rule thereon."

It is evident from Judge Cullen's opinion that even if this motion could properly be considered as a motion for a new trial, he thought that it should be denied. Except in circumstances not present here, the action of the trial court in ruling upon a motion for a new trial is not reviewable here. *Madison v. State, supra,* 205 Md. at 433.

If the motion in this case were treated as what it does not purport to be, a petition for a writ of error *coram nobis,* the alleged perjury of the prosecuting witness would not sustain it. *Johns v. State,* 216 Md. 218, 140 A. 2d 56; *Madison v. State, supra; Keane v. State,* 164 Md. 685, 166 A. 410; *Bernard v. State,* 193 Md. 1, 65 A. 2d 297.

A showing that perjured testimony was given at the trial is not enough, standing alone, to establish fraud that justifies a striking of judgment and sentence after the term. *Johns v. State, supra,* 216 Md. at 221, (citing *Madison v. State, supra, Jones v. State,* 214 Md. 525, 136 A. 2d 252, *Johnson v. State, supra,* and *Price v. Warden,* 212 Md. 661, 129 A. 2d 120). It would be necessary to show also that such testimony was knowingly and intentionally used by the State. *Johns v. State, supra* (216 Md. at 221-222); *Johns v. Warden,* 207 Md. 624, 113 A. 2d 891, *certiorari* denied 350 U. S. 918. In the absence of such a showing, and there is none, we think that the appellant's contention that he has been deprived of due process of law is without merit. *Madison v. State, supra,* 205 Md. at 434.

The appellant relies upon his acquittal on the charge of obstructing justice. Since it does not appear that the issue in that case was the same as that in the original bastardy proceeding against him or in the present case, we think that case not controlling.

*Order affirmed, with costs.*